No. 23-1779

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

IN RE: COINBASE, INC.,

*Petitioner.*

On Petition for a Writ of Mandamus to the
United States Securities and Exchange Commission

**UNOPPOSED MOTION OF THE CHAMBER OF
COMMERCE OF THE UNITED STATES OF AMERICA
TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PETITIONER**

Tyler S. Badgley
Kevin R. Palmer*
U.S. CHAMBER LITIGATION
CENTER
1615 H Street N.W.
Washington, DC 20062
Telephone: (202) 463-5337

\* Admitted only in Massachusetts.
Practicing under the supervision of
members of the D.C. bar.

Yaakov M. Roth
James M. Burnham
Alexis Zhang
JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
yroth@jonesday.com

*Counsel for* Amicus Curiae

Pursuant to Federal Rule of Appellate Procedure 29, the Chamber of Commerce of the United States of America respectfully moves this Court for leave to file the attached *amicus curiae* brief in support of the petition for a writ of mandamus. Although more than 7 days have elapsed since Coinbase petitioned for mandamus relief, the Chamber moves the Court to grant leave for later filing. Both Coinbase and the Securities and Exchange Commission have consented to the filing of the brief.

## INTEREST OF *AMICUS CURIAE*

The Chamber is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than three million businesses and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the business community. The Chamber's members have a strong interest in regulatory clarity, and many of its members are companies subject to U.S. securities laws that may be adversely affected by the Securities and Exchange Commission's current approach to digital assets.

## ARGUMENT

This Court has discretion whether to allow the filing of an amicus brief. *Newark Branch, NAACP v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991). *Amicus* participation is appropriate when the *amicus* "ha[s] a sufficient 'interest' in the case" and

its "brief is 'relevant' and 'desirable.'" *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 129, 133 (3d Cir. 2002) (Alito, J.) (quoting then-Fed. R. App. P. 29(b), now Fed. R. App. P. 29(a)(3)). Here, the Chamber has an interest in this case because the SEC's treatment of digital assets, including its inaction on Coinbase's petition for rulemaking, affects the business climate in the United States and the decision-making of the Chamber's members in particular. The Chamber's brief is also relevant and desirable because it "alerts the … panel to possible implications of the appeal." *Id.* at 133. The brief elaborates on the "consequences of the agency's delay" in responding to Coinbase's rulemaking petition, which is a critical consideration in the mandamus analysis. *Oil, Chem. & Atomic Workers Union v. OSHA*, 145 F.3d 120, 123 (3d Cir. 1998). In doing so, it "provide[s] important assistance to the court" by contributing otherwise-unavailable perspective on how delay affects the business community. *Neonatology Assocs.*, 293 F.3d at 132.

Although an *amicus* brief ordinarily should be filed within 7 days after the filing of the motion being supported, this Court also has discretion to permit later filing. Fed. R. App. 29(a)(6); *see also id.* R. 26(b) ("For good cause, the court … may permit an act to be done after [the time prescribed] expires."). This Court should exercise that discretion here, given not only the importance of the Chamber's perspective but the difficulties of filing an *amicus* brief supporting mandamus relief within the usual 7-day window. In the ordinary case, a prospective *amicus* has months after the filing of a notice of appeal or petition for review to review the matter and prepare a brief. But in

the mandamus context, the petition for mandamus serves both to open the case and to trigger the 7-day window for *amicus* filing.

Here, the Chamber did not become aware of the petition for mandamus until May 3, when this Court ordered the SEC to file an answer to the petition and as the 7-day window was closing. In the handful of days since, the Chamber has acted with maximal dispatch—deciding promptly to participate as *amicus curiae*, locating counsel for this matter, and now filing the proposed *amicus* brief. And because the Chamber is filing several days before the SEC's answer is due, the SEC will have a full opportunity to respond and therefore will not be prejudiced by the timing of this filing—as the SEC's consent reflects. *See Gambino v. Morris*, 134 F.3d 156, 169 (3d Cir. 1998). In these circumstances, acceptance of the brief is appropriate.

## CONCLUSION

This Court should grant the Chamber leave to file the attached *amicus* brief.

May 9, 2023

Tyler S. Badgley
Kevin R. Palmer*
U.S. CHAMBER LITIGATION
CENTER
1615 H Street N.W.
Washington, DC 20062
Telephone: (202) 463-5337

* Admitted only in Massachusetts. Practicing under the supervision of members of the D.C. bar.

Respectfully submitted,

　　 s/ Yaakov M. Roth　　
Yaakov M. Roth
James M. Burnham
Alexis Zhang
JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
yroth@jonesday.com

*Counsel for* Amicus Curiae

## COMBINED CERTIFICATIONS

1. Pursuant to Third Circuit L.A.R. 28.3(d), at least one of the attorneys whose names appear on this motion, including the undersigned, is a member in good standing of the bar of this Court.

2. This motion complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 701 words. This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced 14-point serif font (Garamond), using Microsoft Word.

3. Pursuant to Third Circuit L.A.R. 31.1(c), the text of the electronic version of this document is identical to the text of the paper copies filed with the Court.

4. Pursuant to Third Circuit L.A.R. 31.1(c), Microsoft Safety Scanner version 1.389.757.0 has been run on this electronic file and no virus was detected.

Dated: May 9, 2023

              **s/ Yaakov M. Roth**
              Yaakov M. Roth

              *Counsel for* Amicus Curiae

## CERTIFICATE OF SERVICE

I hereby certify that, on May 9, 2023, I filed the foregoing using this Court's CM/ECF system, which effected service on all parties.

Dated: May 9, 2023

                                          **s/ Yaakov M. Roth**
                                          Yaakov M. Roth

                                          *Counsel for* Amicus Curiae