No. 23-1779

# In the United States Court of Appeals for the Third Circuit

In re Coinbase, Inc., *Petitioner.*

Petition for Writ of Mandamus to the
United States Securities and Exchange Commission

**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE PARADIGM OPERATIONS LP IN SUPPORT OF PETITIONER**

Kyle D. Hawkins
William T. Thompson
Lehotsky Keller Cohn LLP
919 Congress Ave., Suite 1100
Austin, TX 78701
(512) 693-8350
kyle@lkcfirm.com
will@lkcfirm.com

Gabriela Gonzalez-Araiza
Lehotsky Keller Cohn LLP
200 Massachusetts Ave., NW
Washington, DC 20001
(202) 365-2509
gabriela@lkcfirm.com

*Counsel for Amicus Curiae*

## CORPORATE DISCLOSURE STATEMENT

Paradigm Operations LP ("Paradigm") discloses the following information for the limited purpose of complying with Federal Rule of Appellate Procedure 26.1. Paradigm has no parent corporation. No publicly held corporation owns 10% or more of Paradigm's stock.

Paradigm reserves the right to supplement this disclosure statement if needed.

## MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE

Paradigm Operations LP ("Paradigm") respectfully moves for leave to file an amicus brief in support of Petitioner Coinbase, Inc.'s Petition for Writ of Mandamus. Petitioner and Respondent consent to the filing of this amicus brief.

Paradigm is an investment firm that backs entrepreneurs building innovative crypto and web3 companies and protocols. Paradigm takes a hands-on approach to helping these projects achieve their full potential and provides a variety of services that range from technical (mechanism design, smart contract security, and engineering) to operational (recruiting and regulatory strategy).

Paradigm, and the entrepreneurs it backs, have a strong interest in ensuring that the SEC be held to account for its delay in responding to Coinbase's rulemaking petition. As detailed in Paradigm's brief, the SEC's delay has left the digital-assets market in a state of uncertainty. The SEC has not provided clear rules and guidance for digital assets and digital-asset trading platforms, and yet, it continues to seek enforcement actions against participants in the digital-assets market. Moreover, by refusing to even respond to Coinbase's petition for rulemaking, the SEC is evading judicial review and prolonging the uncertainty for market participants. The SEC's delay results in a de facto ban on digital asset trading platforms, which are instructed to register with the SEC, but are not provided a path to do so.

Paradigm is well-positioned to aid this Court's understanding of the important issues raised by Coinbase's petition. Paradigm's valuable perspective will assist the Court's consideration of whether to issue a writ of mandamus, particularly as to the consequences of the SEC's delay in responding to Coinbase's petition for rulemaking. *See Prometheus Radio Project v. FCC*, 824 F.3d 33, 40 (3d Cir. 2016) ("[T]he court should assess the consequences of the agency's delay" when determining whether an agency has unlawfully withheld or unreasonably delayed action.); *see also In re Ctr. for Biological Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022) ("The court should also take into account the nature and extent of the interests prejudiced by delay[.]").

Accordingly, Paradigm respectfully requests that this Court grant Paradigm leave to file its amicus brief in support of Petitioner's Petition for Writ of Mandamus.

Dated: May 10, 2023                    Respectfully submitted.

/s/ *Kyle D. Hawkins*
Kyle D. Hawkins
William T. Thompson
LEHOTSKY KELLER COHN LLP
919 Congress Ave., Suite 1100
Austin, TX 78701
(512) 693-8350
kyle@lkcfirm.com
will@lkcfirm.com

Gabriela Gonzalez-Araiza
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave., NW
Washington, DC 20001
(202) 365-2509
gabriela@lkcfirm.com

*Counsel for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

1. I hereby certify that at least one attorney whose name appears on this brief is a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d)(1) because it contains 366 words, excluding the parts of the brief exempted by Federal Rules of Appellate Procedure 21(d) and 32(f).

3. This brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface (14-point Palatino Linotype) using Microsoft Word.

4. Pursuant to this Court's Rule 31.1(c), the text of the electronic version of this document is identical to the text of the paper copies filed with the Court.

5. Pursuant to this Court's Rule 31.1(c), the document has been scanned with McAfee anti-virus software and is free of viruses.

6. I hereby certify that on May 10, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

/s/ Kyle D. Hawkins
Kyle D. Hawkins