GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Eugene Scalia
+1 202.955.8500
EScalia@gibsondunn.com

October 13, 2023

*VIA CM/ECF*

Patricia S. Dodszuweit, Clerk
Office of the Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *In re Coinbase, Inc.*, No. 23-1779 (3d Cir.)

Dear Ms. Dodszuweit:

Petitioner Coinbase, Inc. respectfully submits this response to the Securities and Exchange Commission's filing of October 11, 2023, Dkt. 33.

## INTRODUCTION

For more than a year, the SEC has refused to act on Coinbase's petition to begin rulemaking to clarify how in its view the securities laws apply to digital assets. After it brought an enforcement action against Coinbase under those same laws, this Court swiftly directed the SEC to explain whether it had denied Coinbase's petition. The Commission sought, and was granted, more time. But now, four months later, all the SEC has to report is that "Commission staff provided a recommendation to the Commission" on October 10. Dkt. 33, at 2.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

That laconic "update" (Dkt. 33, at 1) ducks this Court's critical questions. The SEC's letter reports no action by the Commission itself, nor deigns to inform this Court when the Commission will rouse itself to formally announce the decision to deny Coinbase's rulemaking petition that it so plainly made a long time ago. Perhaps most importantly, for present purposes, the SEC's filing does not seek to justify any additional delay.

Meanwhile, the SEC's and its officials' words and deeds outside this proceeding have only further confirmed that the agency has denied Coinbase's petition in all but name. To facilitate long-overdue judicial review of that de facto denial, the Court should grant mandamus now and order the SEC to act on Coinbase's rulemaking petition within 30 days.

## I.  The SEC's Nonresponsive Report Continues Its Troubling Intransigence

Coinbase's petition for a rulemaking has been pending before the SEC since July 2022. Similar petitions have languished before the agency since 2017. *See* Dkt. 27, at 6–7. These petitions ask the Commission to provide its views on which digital asset products it believes are securities and why—and, for any digital asset products that would qualify as securities under the SEC's approach, to create a workable pathway for digital asset firms to comply with applicable registration requirements that were designed decades ago for traditional securities.

2

The Commission has never formally responded to any of these petitions, yet its conduct has conclusively shown that it has no intention of granting them. The SEC Chair recently has stated—including repeatedly before Congress—that the Commission will not engage in rulemaking because clear rules already exist for digital assets (contradicting his testimony years earlier that new legislation was needed to regulate digital assets). *See* Dkt. 1, at 2, 10–11; Dkt. 27, at 4. Meanwhile, the agency has aggressively pursued enforcement actions against digital asset firms predicated on their failure to register. As this Court recounted, while this litigation was pending, the SEC brought an "enforcement action[] . . . against Coinbase" itself "without having ruled on Coinbase's petition." Dkt. 28. In that action, Coinbase has explained that the SEC's case is based on a misreading of existing law and an improper attempt by the SEC to expand its authority beyond what Congress has granted it. *See* Mem. of Law in Support of Coinbase's Mot. for Judgment on the Pleadings, *SEC v. Coinbase*, No. 23-cv-04738 (S.D.N.Y. Aug. 4, 2023), ECF No. 36.

For now, however, the digital asset industry is stuck in an unprecedented Catch-22. The SEC demands that digital asset firms register or be sued, and has sued them for not registering, but it *still* refuses to write rules articulating when the SEC believes registration is required in the first place and how to achieve such a registration. Yet despite having chosen to forgo rulemaking on these topics after being for-

mally asked by the industry to do so, the agency refuses to memorialize that choice, insulating its inaction from judicial review. *See* Dkt. 1, at 17–22; Dkt. 27, at 3–9.

On June 6, 2023, after initial briefing was complete and within hours of news that the SEC had commenced its enforcement action against Coinbase, this Court *sua sponte* ordered the SEC to file a supplemental brief explaining: (1) "whether the SEC has now decided to deny Coinbase's petition for rulemaking"; (2) if not, "how much additional time the SEC requires to decide whether to grant or deny that petition"; and (3) why the Court should not "order periodic reports" or "establish a deadline" by which the Court would grant Coinbase's mandamus petition "if the SEC has not yet granted or denied the petition." Dkt. 28. The Court's order highlighted the incongruity between the SEC's professed indecision on Coinbase's rulemaking petition and its pursuit of enforcement actions "against Coinbase and others," amplified by its Chair's statements that "current regulations are sufficient for digital assets." *Id.* On June 20, the Court then ordered the SEC to file a report by October 11 on "its status" in adjudicating Coinbase's rulemaking petition. Dkt. 32.

The SEC's October 11 filing does nothing to address Coinbase's or this Court's stated concerns. Dkt. 33. Each question the Court posed in its June 6 order zeroed in on definitive action on Coinbase's petition by "*the SEC.*" Dkt. 28 (emphasis added). But the SEC offers a single sentence of new information concerning activity of its employees, not action by the Commission: "On October 10, 2023, Com-

4

mission staff provided a recommendation to the Commission for its consideration regarding Coinbase's rulemaking petition." Dkt. 33, at 2. The SEC gives no indication of whether, let alone when, *the Commission* intends to make a decision on Coinbase's petition. The agency cannot hide behind opaque allusions to unspecified internal advice offered by its staff. The Commission itself previously has insisted to this Court that only *its* words and actions are significant. *See* Dkt. 26, at 19–20; *but see* Dkt. 27, at 3–5. Having told the Court (wrongly) that even public statements by its own Chair about the agency's rulemaking agenda should be ignored, the SEC cannot expect the Court to be satisfied with a cryptic, one-sentence description of activities by its "staff." This is merely the agency's latest gambit to stave off judicial review of its de facto denial.

Tellingly, the SEC's filing also does not claim that any "additional time" (Dkt. 28) is needed now for the Commission to formalize its already-made decision to reject Coinbase's rulemaking request. Evidently, then, the Commission is ready to rule officially on Coinbase's petition, but is simply unwilling to do so absent a court order.

## II. Intervening Events Further Confirm That The SEC Has No Intention Of Granting Coinbase's Rulemaking Petition

Meanwhile, the SEC's conduct since this Court's June 2023 orders powerfully underscores the agency's de facto denial. *First*, the SEC Chair continues to state publicly that the Commission will not make rules addressing how (in its view) to

determine whether a particular digital asset product constitutes a security. Testifying before Congress less than three weeks ago, the Chair was asked point blank why "a rulemaking process hasn't started yet." His response? "Well, because there's already laws and rules on the books. There's rules and laws on the books that apply to crypto security tokens like they apply to others." *Oversight of the Securities and Exchange Commission* at 2:30:05–2:30:21, 118th Cong., 1st Sess. (Sept. 27, 2023), https://tinyurl.com/3men5sjn. The Chair's message, which mirrors his prior public statements, could not be clearer: No digital asset rulemaking will occur.

*Second*, just in the four months since the Court's June 2023 orders, the SEC has filed at least six additional enforcement actions against digital asset firms, including novel actions against issuers of non-fungible tokens ("NFTs"), all of which presuppose the adequacy of existing rules. *See, e.g.*, SEC Charges Creator of Stoner Cats Web Series for Unregistered Offering of NFTs, SEC (Sept. 13, 2023), https://tinyurl.com/bdeveuuj. These actions, and the agency's representations in them, underscore the SEC's rejection of the premise underlying Coinbase's rulemaking petition that existing rules are insufficient. In its action against Coinbase, for example, the SEC has rejected the notion that it is "seeking to create new regulations and new law" and declared "nonsensical" Coinbase's argument that the agency "do[es]n't have authority" under existing rules. Tr. of Initial Pretrial Conf. at 7–8, 30, *SEC v. Coinbase*, No. 23-cv-04738 (S.D.N.Y. July 13, 2023), https://ti-

nyurl.com/mr3mfvbc; *see also* Tr. of Hr'g on Mot. to Dismiss at 57–58, *SEC v. Terraform Labs Pte Ltd.*, No. 23-cv-01346 (S.D.N.Y. June 15, 2023), ECF No. 42 (SEC arguing that it is "not doing anything new" or "novel" and is "simply applying the securities laws as they have been in existence since the 1933 and 1934 Acts"); SEC's Reply in Support of Mot. to Certify Interlocutory Appeal at 3, *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (S.D.N.Y. Sept. 8, 2023), ECF No. 915 (SEC arguing that the purported "test" for determining whether a digital asset product is a security is "well-settled").

*Third*, recent SEC communications with Coinbase reflect the agency's hardened view that new rules are unnecessary. Previously, at the direction of SEC staff, Coinbase included in its public filings disclosures to its investors that there is "no certainty" regarding the legal status of most digital assets under the federal securities laws. Dkt. 1, at 9 (quoting SEC, Correspondence Related to Draft Registration Statement 4 (Dec. 7, 2020), https://tinyurl.com/4ppzm2x6). Yet weeks ago, the SEC staff requested that Coinbase now delete those same disclosures because, in the staff's current view, the law *is* "well-established" about "when a crypto asset may be a security." Letter from Division of Corporation Finance, SEC, to Brian Armstrong, CEO, Coinbase Global, Inc. (Sept. 22, 2023).\* This latest about-face—suggesting

---

 \* The relevant paragraph of the letter states in full: "We note your disclosure on page 16 of your Form 10-K for the fiscal year ended December 31, 2022 that 'the [SEC] . . . [has] stated that certain digital assets or digital asset products may be clas-

7

that not even *Coinbase* should say the law is unclear—cannot be squared with the Commission's professed openness to the rulemaking that Coinbase has requested.

## III. Mandamus Is Warranted To Hold The SEC Accountable

The SEC's unilluminating report is mere bureaucratic pantomime and confirms that nothing short of mandamus will prompt the agency to take its obligations seriously. It took more than a year and an order from this Court to elicit even a staff-level recommendation, and even now the Commission will not commit to action or even bother to inform the Court of its intentions. But plainly, there is no reason for additional time—and the Commission requests none. The Commission now has a staff recommendation in hand. Assuming—as the Court should—that this recommendation reflects thorough staff consideration befitting a task the agency was given four months by the Court to complete, the Commission can act immediately. It must do so.

---

sified as securities under U.S. federal and state laws - however, there has not been definitive guidance on this point.' We also note your risk factor disclosure under this heading that 'there is no certainty under the applicable legal test whether particular crypto assets, products or services are not securities.' Please remove or revise these statements in light of the fact that the Commission has identified numerous crypto assets as securities, the legal tests are well-established by U.S. Supreme Court case law, and the Commission and staff have issued reports, orders and statements that provide guidance on when a crypto asset may be a security for purposes of the U.S. federal securities laws."

\* \* \*

Since Coinbase sought mandamus nearly six months ago, two things have become even more apparent: The Commission has resolved not to conduct the rulemaking Coinbase requested, and it will exploit every bureaucratic artifice in its arsenal to forestall judicial review so long as the Court allows it. The Commission's staff have now acted; the Commission is readier than ever to do so. This Court should so order, by issuing a writ of mandamus directing the SEC to act on Coinbase's rulemaking petition within 30 days.

Respectfully submitted,

*/s/ Eugene Scalia*
Eugene Scalia (D.C. Bar No. 447524)
  *Counsel of Record*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
EScalia@gibsondunn.com

cc:  Counsel of record (via CM/ECF)