

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**OFFICE OF THE**
**GENERAL COUNSEL**

December 15, 2023

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

*Via ECF*

**Re:**   *In re Coinbase, Inc.*, No. 23-1779

Dear Ms. Dodszuweit,

Counsel for the Securities and Exchange Commission write to notify the Court that the Commission has denied Coinbase's rulemaking petition, which was the subject of Coinbase's mandamus petition.

Coinbase filed a petition for writ of mandamus, seeking to compel the Commission to act on Coinbase's July 2022 rulemaking petition, which requested that the Commission engage in discretionary rulemaking of substantial scope. Doc. 1. After the Commission informed the Court that Commission staff anticipated being in a position to make a recommendation to the Commission regarding Coinbase's rulemaking petition by October 11, 2023 (Doc. 30), the Court declined to rule on the mandamus petition, but "retain[ed] jurisdiction" and

ordered the Commission to "update the Court on [the] status [of the rulemaking petition] on October 11, 2023" (Doc. 32).  On October 11, 2023, the Commission informed the Court that staff had provided a recommendation to the Commission regarding Coinbase's rulemaking petition.  Doc. 33.  On November 21, 2023, the Commission informed the Court that the Commission would provide the Court with a status report regarding Coinbase's rulemaking petition no later than December 15, 2023.  Doc. 37.

On December 15, 2023, the Commission denied Coinbase's rulemaking petition and the Secretary of the Commission notified Coinbase of the denial.  *See* Exhibit A.  Because the Commission has acted on Coinbase's rulemaking petition, Coinbase's mandamus petition is moot.  *See, e.g.*, *Thompson v. U.S. Dep't of Labor*, 813 F.2d 48, 51 (3d Cir. 1987) (mandamus seeking to compel agency action mooted when agency took requested action); *Gray v. Office of Personnel Mgmt.*, 771 F.2d 1504, 1514 (D.C. Cir. 1985) (same).

After Coinbase was notified of the denial, the Commission requested Coinbase's position regarding dismissal of this action but as of the filing of this letter Coinbase's counsel has not provided it.  The Commission will continue to confer with Coinbase's counsel regarding dismissal of this action and, if necessary, move for dismissal.

Sincerely,

| | |
|---|---|
| MEGAN BARBERO<br>General Counsel | DAVID D. LISITZA<br>*/s/ David D. Lisitza*<br>Senior Appellate Counsel |
| MICHAEL A. CONLEY<br>Solicitor | EZEKIEL L. HILL<br>Appellate Counsel |
| TRACEY A. HARDIN<br>Assistant General Counsel | Securities and Exchange Commission<br>100 F Street, N.E.<br>Washington, D.C. 20549<br>202-551-5015 (Lisitza)<br>lisitzad@sec.gov |

cc:   Counsel of record (via ECF)

# Exhibit A



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549**

**OFFICE OF
THE SECRETARY**

December 15, 2023

Paul Grewal
Chief Legal Officer
Coinbase Global, Inc.
paul.grewal@coinbase.com

    Re:   Petition for Rulemaking, File No. 4-789

Dear Mr. Grewal:

    This letter is in response to the Petition for Rulemaking that you filed on July 21, 2022 ("Petition" or "Pet.") on behalf of Coinbase Global, Inc. ("Petitioner").[1]

    The Petition suggests that the Commission engage in discretionary rulemaking of substantial scope to create "a new regulatory framework" for crypto asset securities.[2] Pet. 1, 3. The Petition does not include the "text or the substance of any proposed rule" as required by the Commission's Rules of Practice. 17 C.F.R. § 201.192(a). Rather, it includes "an outline to frame the topic" and more than 100 questions that Petitioner "believe[s] are important to consider." Pet. 7. The Petition generally addresses the classification of crypto assets as securities, registration and disclosure requirements for offers and sales of crypto asset securities, and intermediation of crypto asset security transactions.

    Pursuant to the Commission's Rules of Practice, the Petition was referred to the staff of the Divisions of Trading and Markets and Corporation Finance. The staff considered the Petition and comment letters received in response thereto and made a recommendation to the Commission. The Commission has carefully considered that recommendation, as well as the Petition and comment letters. After such consideration, and in the exercise of its broad discretion to set its rulemaking agenda, the Commission concludes that the requested rulemaking is currently unwarranted and denies the Petition.

---

[1] *See* Petition for Rulemaking – Digital Asset Securities Regulation, https://www.sec.gov/files/rules/petitions/2022/petn4-789.pdf.

[2] "Crypto asset" refers to an asset that is issued and/or transferred using distributed ledger or blockchain technology.

Paul Grewal
December 15, 2023
Page 2

    The Commission disagrees with the Petition's assertion that application of existing securities statutes and regulations to crypto asset securities, issuers of those securities, and intermediaries in the trading, settlement, and custody of those securities is unworkable. Moreover, the Commission has discretion to determine the timing and priorities of its regulatory agenda, including with respect to discretionary rulemaking such as that requested in the Petition. *See Massachusetts v. EPA*, 549 U.S. 497, 527 (2007). Any consideration of whether and, if so, how to alter the existing regulatory regime may be informed by, among other things, data and information provided by numerous undertakings directly or indirectly relating to crypto asset securities that the Commission is currently pursuing.[3] Accordingly, the Commission concludes that it is appropriate to deny the Petition. The Commission is also engaged in many undertakings that relate to regulatory priorities extending well beyond crypto asset securities.[4] The requested regulatory action would significantly constrain the Commission's choices regarding competing priorities, and the Commission declines to undertake it at this time.

    The Commission appreciates receiving Petitioner's considered views on the issues related to crypto asset securities raised in the Petition. The Commission benefits from engagement with market participants, including those focused on crypto asset securities, and will continue to so engage. To the extent that future circumstances warrant, the Commission may undertake further consideration of issues raised in the Petition.

By the Commission,

Vanessa A. Countryman
Secretary

---

[3] *See, e.g.*, *Custody of Digital Asset Securities by Special Purpose Broker-Dealers*, 86 Fed. Reg. 11627 (Feb. 26, 2021); *Further Definition of "As a Part of a Regular Business" in the Definition of Dealer and Government Securities Dealer*, 87 Fed. Reg. 23054, 23057 n.36 (Apr. 18, 2022); *Regulation Best Execution*, 88 Fed. Reg. 5440, 5448-49, 5540-42 (Jan. 27, 2023); *Safeguarding Advisory Client Assets*, 88 Fed. Reg. 14672, 14676, 14688-94, 14700, 14706, 14710, 14715, 14726 (Mar. 9, 2023); *Regulation Systems Compliance and Integrity*, 88 Fed. Reg. 23146, 23166-69 (Apr. 14, 2023); *Supplemental Information and Reopening of Comment Period for Amendments Regarding the Definition of "Exchange,"* 88 Fed. Reg. 29448 (May 5, 2023).

[4] *See, e.g.*, Office of Management and Budget, Office of Information and Regulatory Affairs, *Securities and Exchange Commission Agency Rule List – Fall 2023* (Dec. 6, 2023), https://www.reginfo.gov/public/do/eAgendaMain; *see also Regulatory Flexibility Agenda*, 88 Fed. Reg. 48694 (July 27, 2023).